UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

BAYTREE CAPITAL ASSOCIATES, LLC,
derivatively on behalf of,
BROADCASTER, INC.

**ORDER TO SHOW CAUSE**

Plaintiff,

Case No.: 08-CV-1602

- against -

NOLAN QUAN, MARTIN R. WADE III,
BLAIR MILLS, RICHARD BERMAN,
ANDREW GARRONI, JASON BRAZELL,
ROBERT GOULD, SANGER ROBINSON,
ALCHEMY COMMUNICATIONS, INC.,
FROSTHAM MARKETING, INC., PACIFICON
INTERNATIONAL, INC., LONGVIEW MEDIA,
INC., ACCESS MEDIA NETWORKS, INC.,
ALCHEMY F/X, INC., INNOVATIVE NETWORKS,
INC., BINARY SOURCE, INC., BROADCASTER,
LLC, TRANSGLOBAL MEDIA, LLC, SOFTWARE
PEOPLE, LLC, and ACCESS MEDIA
TECHNOLOGIES, LLC,

Defendants.

- and-

BROADCASTER, INC.

Nominal Defendant.

------------------------------------------------------------X

Upon the accompanying Memorandum of Law, Declaration of Michael Gardner, and Declaration of Peter Sullivan and the Complaint and exhibits annexed thereto, it is

ORDERED, that the above named defendants show cause before the motion term at Room 21·C, United States Courthouse, 500 Pearl Street, in the City, County and State of New York, on Wed. Mar. 26 at 3 pm o'clock in the afternoon thereof, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to

Rule 64 and 65 of the Federal Rules of Civil Procedure: (1) (a) enjoining the defendants during the pendency of this action from spending, transferring, selling or conveying in any manner the funds, assets and/or shares of Broadcaster, Inc. or otherwise encumbering or binding the funds, assets and/or shares of Broadcaster, Inc. except to the extent necessary to pay taxes, rent, utilities, current base salaries of presently existing employees, and attorney's fees and (b) directing that during the pendency of this action, all checks to be drawn upon the funds of Broadcaster, Inc. for the items stated above, prior to being issued, be reviewed by outside counsel to Broadcaster, Inc. chosen by Broadcaster, Inc.; or (2) in the alternative, directing the immediate appointment of a receiver to review and control the spending, transferring, encumbering, or otherwise binding in any way the funds, assets, and/or shares of Broadcaster, Inc.; (3) enjoining each individual and corporate defendant during the pendency of this action from transferring outside of the state in which it is currently located, funds, property, or other assets in which each defendant has an interest in as will satisfy the amount of $67,890,000, which represents the plaintiff's demand; (4) directing the sheriff of Los Angeles County in the state of California, to levy within his or her jurisdiction upon and hold such property in which the defendant Nolan Quan has an interest, including bank accounts and other funds in the possession of Nolan Quan or his controlled entities as will satisfy the amount of $22,630,000, which represents Broadcaster, Inc.'s actual loss by Nolan Quan; and (5) for such other and further relief as the court may deem proper;

ORDERED that, sufficient reason having been shown therefor, pending the hearing of plaintiff's application for preliminary relief, pursuant to Rule 64 and Rule 65, Fed. R. Civ. P., the defendants, their representatives, agents, employees and all persons

and entities over which they have control or acting on their behalf are (1) temporarily restrained and enjoined from spending, transferring, selling or conveying in any manner the funds, assets and/or shares of Broadcaster, Inc. or otherwise encumbering or binding the funds, assets and/or shares of Broadcaster, Inc. except to the extent necessary to pay taxes, rent, utilities, current base salaries of presently existing employees, and attorney's fees and directed that all checks to be drawn upon the funds of Broadcaster, Inc. for the items stated above, prior to being issued, be reviewed by outside counsel to Broadcaster, Inc. chosen by Broadcaster, Inc.; and (2) temporarily restrained and enjoined from transferring outside of the state in which it is currently located, funds, property, or other assets in which each defendant has an interest in as will satisfy the amount of $67,890,000. ~~[struck through text]~~ *LLS*

*LLS* ORDERED that no security is required to be posted; and it is further

ORDERED that service by overnight mailing of a copy of this order and annexed affidavit upon the defendants or their counsel on or before **3** o'clock in the *after.* *LLS* noon, **Fri. March 21** 2008, shall be deemed good and sufficient service thereof.

Dated: New York, New York

Issued: **Thursday March 20, 2008**
**3:19 P.M.**

*Louis L. Stanton*
UNITED STATES DISTRICT JUDGE