**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X

BAYTREE CAPITAL ASSOCIATES, LLC, derivatively on  :
behalf of BROADCASTER, INC.,

                        :

                Plaintiff,

                        :

         -against-

                        :

NOLAN QUAN, MARTIN R. WADE III, BLAIR MILLS,
RICHARD BERMAN, ANDREW GARRONI, JASON
BRAZELL, ROBERT GOULD, SANGER ROBINSON,     :   Case No.: 08-cv-1602
ALCHEMY COMMUNICATIONS, INC., FROSTHAM          (Stanton, J.)
MARKETING, INC., PACIFICON INTERNATIONAL,   :
INC., LONGVIEW MEDIA, INC., ACCESS MEDIA
NETWORKS, INC., ALCHEMY F/X, INC.,          :   **DECLARATION OF EUGENE**
INNOVATIVE NETWORKS, INC., BINARY SOURCE,       **LICKER IN SUPPORT OF**
INC., BROADCASTER, LLC, TRANSGLOBAL MEDIA,  :   **MOTION TO TRANSFER**
LLC, SOFTWARE PEOPLE, LLC and ACCESS MEDIA
TECHNOLOGIES, LLC,                          :

                        :

                Defendants,

                        :

         -and-

                        :

BROADCASTER, INC.,

                        :

                Nominal Defendant.

                        :
-----------------------------------------------------------------------X

        EUGENE LICKER declares as follows pursuant to 28 U.S.C. § 1746:

    1.     I am a member of Loeb & Loeb LLP, attorneys for Defendant Broadcaster Inc.

("Broadcaster") in this action.  I am admitted to practice before this Court and respectfully

submit this declaration, based on personal knowledge and a review of records, in support of

Broadcaster's motion to transfer this action, and the related actions, to the District Court for the

Central District of California pursuant to 28 U.S.C. § 1404(a).  These motions should be granted

because all of the relevant factors militate in favor of the transfer to California.  Notably, the two

most central factors – the location of material witnesses and the situs of the operative facts and claims – weigh heavily in favor of transfer.

2.      As evidenced by the Complaint itself, this action (as well as the duplicative action commenced by Paul Goodman,[1] and the two "related actions" filed by Goodman[2] and Gardner[3] individually) have no meaningful connection with the State of New York other than the fact that the Plaintiff – who sues primarily in a representative capacity – is located in New York. Broadcaster is a Delaware corporation with its principal place of business in Chatsworth, California. The alleged "looting" of Broadcaster's assets (by means of purported related party transactions), the claimed securities fraud based upon the failure to disclose interested party transactions, and Defendant Quan's alleged "fraudulent" acquisition of shares, assuming such took place, would have necessarily taken place in California or emanated from California. Moreover, the overwhelming majority of anticipated material witnesses are located in California.

## Overview of the Action

3.      On or about February 15, 2008, Baytree Capital Associates ("Baytree") initiated this shareholder derivative action against Broadcaster, a number of its current and former officers and directors, as well as other entities.  In its Complaint, Baytree seeks damages, injunctive relief, and the appointment of a receiver (on behalf of the company) for alleged securities fraud,

---

[1]  In the related proceeding currently pending before this Court, *Goodman v. Broadcaster, Inc. et al.*, Case No. 08-cv-2480, Plaintiff Paul Goodman seeks similar derivative relief, pursuant to New York's Business Corporation Law § 720, stemming from identical allegations of fiduciary breaches by certain Broadcaster officers or directors, corporate waste, improper related-company transactions, and the alleged improper issuance of certain Earn Out Shares.  Because the *Goodman* action makes the same allegations involving the same material witnesses (*i.e.*, Broadcaster's officers, directors, auditors, independent investigators and securities counsel; employees of certain companies with which Broadcaster has conducted business; and individuals with knowledge of the Federal Trade Commission action initiated in California), and raises the same claims, Broadcaster is, concurrently herewith, also moving for the transfer of the *Goodman* action on the same grounds as asserted herein.

[2]  *Goodman v. Wade, et al.*, Case No. 08-cv-2851.

[3]  *Gardner v. Wade*, Case No. 08-cv-2850.

breach of fiduciary duty by Broadcaster's officers and directors, corporate waste, unjust enrichment, conversion of corporate assets – all of which Baytree seeks to elevate to what is virtually a criminal conspiracy, so as to support a civil RICO claim. *See generally* Complaint.

### The Parties and the Allegations

4.    Plaintiff Baytree is a nominal plaintiff for purposes of this derivative action. According to its web site, Baytree is an investment advisory firm with offices in New York and Las Vegas, Nevada, and provides capital resources to growth-oriented companies. Baytree was founded by its Chief Executive Officer and Chairman, Michael Gardner.  Mr. Gardner is described in his Baytree web site biography as an investment banker "[k]nown for his aggressive equity trading and structured finance" who has raised over one billion dollars on behalf of his clients while he "divides his time between homes" in New York and Las Vegas, Nevada. Exh. 1. The current Baytree website references the company's investment in Broadcaster, describing Broadcaster, which operates the social networking website <www.broadcaster.com>, as "the next generation online community" which "[s]ince its launch in Q4 of 2006 ... has amassed loyal audiences that upload and view millions of video files each month." Exh. 1.

5.    None of the allegations or claims made by Baytree in this action arise from business operations or corporate acts of Broadcaster occurring in New York, nor does the Complaint so allege.  Indeed, even taking the Complaint at face value, the claims asserted therein arise from conduct which necessarily occurred in California, leaving California as the only venue in which this action and the related actions should be heard.

Baytree's Allegations Concerning the FTC Action:

6.       The initial assertion of misconduct made by Baytree in its Complaint is based on allegations made in an August 2006 pleading filed by the Federal Trade Commission ("FTC"). This action was directed against, among others, Defendants AccessMedia Networks Inc. ("AccessMedia"), Alchemy Communications Inc. ("Alchemy"), Pacificon International, Inc. ("Pacificon'), Frostham Marketing Inc. ("Frostham"), Longview Media Inc. ("Longview"), Innovative Networks Inc. ("Innovative"), Binary Source Inc. ("Binary") and Andrew Garroni (collectively referred to in the Complaint in this action as the "FTC Defendants"), and concerned an alleged unfair and deceptive computer scheme designed to coerce payments from consumers. Complaint at ¶¶ 36-37.

7.       The FTC proceeding (including its eventual settlement and resolution) was wholly conducted in California.  Indeed, the Complaint itself alleges that Defendant Jason Brazell, a citizen of California, executed the FTC settlement agreement on Frostham's behalf and that Mr. Garroni, also a California citizen, executed the settlement agreement on the behalf of both Longview and Pacificon.  Complaint at ¶¶ 47, 52-53.

8.       The instant action similarly alleges that Mr. Garroni served as the president of Pacificon, Binary, and Longview (which are each California corporations having their principal places of business in California), and had a "significant interest and participation in" Frostham (a Florida corporation which maintains a postal box and "transacts business" in California). Complaint at ¶¶ 9, 14-16.  AccessMedia (a Delaware corporation with its principal place of business in California) is alleged to have registered Mr. Garroni's address with the California Secretary of State and to have transacted business out of Broadcaster's California offices. Complaint at ¶ 17.  Finally, Alchemy, which the Complaint alleges was at the heart of the FTC

proceeding, has substantial ties to California, having been incorporated in the state and maintaining its principal place of business there. Complaint at ¶ 13.

Baytree's Allegations of Related-Party Transactions for
<u>Allegedly Non-Existing Advertising Services</u>

9.    Baytree next alleges that following the FTC settlement and resolution, certain members of the Broadcaster Board of Directors, Defendants Martin Wade, Blair Mills and Richard Berman (collectively referred to as the "Board Defendants") orchestrated and executed a fraudulent scheme, together with Defendant Nolan Quan, to loot the assets of Broadcaster by way of unjustified payments to certain Defendants for non-existing internet advertising campaigns and "traffic" generation. Complaint at ¶¶ 39-40, 44. Specifically, Plaintiff alleges that Defendants Frostham and Longview provided absolutely no services for the multi-million dollar payments they received. Complaint at ¶ 40.

10.    As set forth above, Frostham and Longview are California companies with no ties to New York. Mr. Garroni, who is alleged to have had substantial ties with both companies, is a resident and citizen of California. Mr. Brazell, alleged to be Frostham's President and Chief Executive Officer, is also a citizen of California. Complaint at ¶ 10. Mr. Mills, a citizen of California, is alleged to have been Longview's Chief Financial Officer. Complaint at ¶ 50.

11.    Nor do the Board Defendants have any substantial ties to New York. It is alleged that Mr. Wade is a citizen of New Jersey, Mr. Mills a citizen of California, and Mr. Berman a citizen of Connecticut. Moreover, the gravamen of the action is that Defendant Nolan Quan, a resident of California, personally profited from these transactions. Complaint at ¶¶ 5, 40, 48-49.

Baytree's Allegations of a "Unique Visitor Scheme"

12.    Baytree also alleges that Defendant Alchemy (a California corporation with its principal place of business in California) was paid to reprogram and implement the Company's alleged "malware" such that it caused a large number of computer users to involuntarily visit the Broadcaster.com website, creating the false impression that the website was generating a substantial amount of "unique visitor" traffic.  Complaint at ¶¶ 40, 56.

13.    Baytree complains that based upon this alleged "Unique Visitor Scheme," Quan, the Board Defendants, and other Broadcaster employees, all California residents, caused false public statements to be made that the reported "unique visitors" were legitimate and that Broadcaster.com had become one of the most popular Internet sites.  Complaint at ¶ 42.

14.    In addition, Plaintiff asserts that Broadcaster's payments to Alchemy for services, and license fees paid to Defendants Alchemy F/X, Inc. (a California corporation with its principal place of business in California) and Broadcaster LLC (a Nevada company) "can only be viewed as self-dealing and looting" by Defendants Quan, Sanger Robinson, and Rob Gould (each, a citizen of California).  Complaint at ¶¶ 5, 11-12, 18, 21, 56.

15.    These allegations, too, concern Alchemy's rendition of services in California, Broadcaster's operations in California, as well as public statements and securities filings issued by Broadcaster from California.

Baytree's Allegations Concerning the "Earn Out Shares"

16.    Plaintiff alleges that the "Unique Visitor Scheme" was implemented such that Defendant Quan, a California resident, would be issued millions of shares of Broadcaster stock (pursuant to an amended compensation package), providing him with a near majority of

outstanding shares and virtual control of the Company (Complaint at ¶ 43) – control which he could only have exercised from California.

## Broadcaster's Motion to Transfer Should Be Granted

### Lack of Jurisdiction Over Some or All of the Defendants Weighs in Favor of Transfer

17.    As an initial matter, Plaintiff's chosen forum is usually given little weight where, as here, jurisdiction cannot be maintained over some or all of the Defendants.  Here, none of the acts complained of occurred in New York, nor do the Defendants have substantial or sufficient contacts with New York.

18.    To the contrary, as evidenced by the Complaint itself, the vast majority of the named Defendants are California citizens or businesses.  The only exceptions – Defendants Wade, Berman, Broadcaster, LLC, Trans Global Media LLC, Software People LLC, and AccessMedia Technologies, LLC – are not New York citizens or businesses.  However, both Mr. Wade, a citizen of New Jersey, and Mr. Berman, a citizen of Connecticut, would be subject to jurisdiction in the proposed transferee forum, California, as directors of Broadcaster. Broadcaster LLC, a Nevada company, and Trans Global Media LLC, Software People LLC, and AccessMedia Technologies, LLC (each a Wyoming company) would be subject to jurisdiction in California based upon the challenged business dealings in that State.

The Material Witnesses Are Located In California, Thus Weighing Heavily In Favor of Transfer

19.    One of the most important factors that the courts consider in resolving a motion to transfer is the location and convenience of the material witnesses (and, collaterally, whether the attendance of any such unwilling witnesses could be compelled). Here, the convenience of the material witnesses weighs heavily – in fact, decisively – in favor of the transfer of this action to the District Court for the Central District of California.

20.    As the Complaint in this action itself attests, the overwhelming majority of material witnesses are located in the Central District of California. The material witnesses, and a summary of the matters to which they are expected to testify, include the following:

Material Witnesses Located in California:

      a.    Defendant Nolan Quan, a resident of Los Angeles, California, is currently Broadcaster's Chief Operating Officer. Mr. Quan is expected to testify as to, among other things: (1) the nature of the FTC proceedings; the truth or falsity of the allegations raised therein; his relationship, if any, to the FTC Defendants; and the settlement of the FTC action, Baytree's advocacy thereof, and Broadcaster's payment thereof in accordance with contractual indemnification provisions with certain FTC Defendants; (2) the alleged related-party transactions between Broadcaster and Longview, Frostham, Alchemy, Alchemy F/X and Broadcaster LLC; the services provided by these companies in exchange for payment by Broadcaster; his relationship, if any, to these companies and the approval of the subject transactions by Broadcaster and/or the Board Defendants; (3) the reporting and calculation of "unique visitors" to the Broadcaster.com website; the services provided by Alchemy in regard thereto; Broadcaster's advertising expenditures;

his compensation package and the re-negotiation and amendment thereof; the entitlement to the "Earn Out Shares" by Quan and Gardner; the issuance of shares based upon web traffic formula; and the operations of Broadcaster.

b. Defendant Andrew Garroni, a resident of Los Angeles, California, who is not a Broadcaster employee as alleged, is expected to testify both individually and as a representative of Defendants Longview, Pacificon, Binary and Frostham as to, among other matters: (1) his relationship to Longview, Pacificon, Binary, Frostham and Quan, if any; (2) whether he has ever been employed by Broadcaster, or served as its purported "shareholder representative" (he did not); (3) the nature of the FTC proceedings, the allegations raised therein, and the settlement thereof; and (4) the alleged related-party transactions between Broadcaster and Longview and Frostham; and the services provided by these companies in exchange for payment from Broadcaster; and Quan's relationship, if any, to Longview and/or Frostham.

c. Defendant Blair Mills, a resident of Los Angeles, California, and Broadcaster's Chief Financial Officer, is expected to testify as to, among other things: (1) his employment or other relationship with Defendants Broadcaster, Longview and Alchemy; (2) the purported related-party transactions complained of in the Complaint; and (3) the financial matters concerning Broadcaster raised in the Complaint, as well as the reporting thereof.

d. Defendant Sanger Robinson, a resident of Los Angeles, California, is expected to testify both individually and as a representative of Defendant Broadcaster Interactive Group, Inc. as to: (1) his employment or other relationship, if any,

with Defendant Broadcaster and Broadcaster Interactive Group, Inc.; (2) his knowledge and involvement, if any, and/or the knowledge or involvement of Defendants Quan or Gould in regard to the alleged related-party transactions between Broadcaster and Alchemy F/X or Broadcaster LLC; and (3) his knowledge, if any, of the services provided to Broadcaster by Alchemy F/X and Broadcaster LLC.

e. Defendant Robert Gould, a resident of Los Angeles, California, is expected to testify as to: (1) his employment or other relationship, if any, with Defendant Broadcaster; (2) his employment, if any, with Internetfuel.com, Inc., Longview and BIG Inc., and/or any purported business venture with Defendant Quan; (3) his knowledge and involvement, if any, and/or the knowledge or involvement of Defendants Quan or Robinson in regard to the alleged related-party transactions between Broadcaster and Alchemy F/X or Broadcaster LLC; (4) his knowledge of the services provided to Broadcaster by Alchemy F/X and Broadcaster LLC; his knowledge concerning the practice of the purchase of traffic.

f. Defendant Jason Brazell, a resident of Los Angeles, California, is expected to testify as to: (1) the fact that he was never employed by Defendant Broadcaster; (2) his employment or other relationship with Frostham; (3) the nature of the FTC proceedings; the truth or falsity of the allegations raised therein; the settlement of the FTC action, Baytree's advocacy thereof, and Broadcaster's payment thereof in accordance with contractual indemnification provisions with certain FTC Defendants; and (4) the alleged related-party transactions between Broadcaster and Frostham, and the services provided by Frostham.

g.  Peter Wang of Los Angeles, California, former Vice President of Traffic Analysis of Broadcaster, is expected to testify as to issues concerning number and calculation of visitors and or traffic to the Broadcaster.com web site, and the reporting of such facts to the Broadcaster Board of Directors and management.

h.  Katherine Felice, Esq., a resident of Los Angeles, California, is the former general counsel and director of Broadcaster.  It is expected that she will testify as to: (1) the nature of the FTC proceedings; the truth or falsity of the allegations raised therein; the settlement of the FTC action, Baytree's advocacy thereof, and Broadcaster's payment thereof in accordance with contractual indemnification provisions with certain FTC Defendants; (2) her employment or other relationship with Defendant Broadcaster; (2) her participation and/or other attendance at the Broadcaster Board meetings as well as the matters addressed therein; (3) the entitlement to the "Earn Out Shares" by Quan and Gardner and/or the issuance of shares to other parties based upon web traffic formula, and the Board's approval thereof.

i.  John O'Malley, Esq. (Fulbright & Jaworski), of Los Angeles, California, outside counsel to Alchemy and AccessMedia in regard to the FTC action, is expected to testify as to the nature of the FTC proceedings; the truth or falsity of the allegations raised therein; the settlement of the FTC action, Baytree's advocacy thereof, and Broadcaster's payment thereof in accordance with contractual indemnification provisions with certain FTC Defendants.

j.  Brandon Fernald, Esq. (Fulbright & Jaworski), of Los Angeles, California, is expected to testify as to the nature of the FTC proceedings; the truth or falsity of

the allegations raised therein; the settlement of the FTC action, Baytree's advocacy thereof, and Broadcaster's payment thereof in accordance with contractual indemnification provisions with certain FTC Defendants.

k. Easton Herd of Los Angeles, California, and former employee of Innovative, would testify as to credit card processing for Internet transactions and the services provided by Innovative to Broadcaster.

l. Daniel Brent of Los Angeles, California, and former employee of Mediacaster, is expected to testify as to as to the nature of the FTC proceedings; and the truth or falsity of the allegations raised therein.

m. Jose Sanchez Campos of Los Angeles, California, and former employee of CS Hotline, is expected to testify as to as to the nature of the FTC proceedings; and the truth or falsity of the allegations raised therein.

n. Choi, Kim & Park, LLP, of Los Angeles, California, and auditors to Broadcaster are expected to testify as to Broadcaster's financial reporting and disclosures, including the reporting and disclosure of alleged interested-party transactions.

o. Zane Alsabery of Los Angeles, California, Chief Executive Officer of Defendant Alchemy, is expected to testify as to: (1) Alchemy's relationship, if any, as to Broadcaster, Quan and/or the Board Defendants; (2) the Services provided by Alchemy to Broadcaster as well as the payment received from Broadcaster in exchange for such services.

p. Bruce Gale of Los Angeles, California, and FTC investigator, is expected to testify as to the nature of the FTC proceedings; the truth or falsity of the

allegations raised therein, including alleged consumer complaints in regard to Access Media.

q. A representative of Google Analytics, of Mountain View, California, is expected to testify as to the number of "unique users" visited the Broadcaster.com web site.

r. Representative of Value Click Media, of Westlake Village, California, and other similarly situated service providers, are expected to testify as to advertising-related services provided to Broadcaster, and payments for said services made by Frostham on Broadcaster's behalf.

<u>Other Material Witnesses Are Located Outside of California, But Not in New York</u>

s. Defendant Richard Berman of Connecticut, a member of the Broadcaster Board of Directors and its Audit Committee chairman, is expected to testify as to, among other things: (1) his relationship with Defendant Broadcaster; (2) the alleged related-party transactions between Broadcaster and Quan and/or the Board Defendants; (3) the services provided by outside companies in exchange for payment by Broadcaster; (4) his relationship, if any, to these companies; (5) the approval of the subject transactions by Broadcaster and/or the Board Defendants; (6) Broadcaster's securities disclosures and/or other public statements in regard to the transaction; (7) Broadcaster's retention of counsel to conduct an independent investigation of these purported related-party transaction, as well as the results, if any, of said investigation; (8) the insufficiency of Nominal-Plaintiff's demand for corporate action and/or the purported futility of such a demand; and the composition of Broadcaster's Board of Directors, including independent directors; (9) the reporting and calculation of "unique visitors" to the Broadcaster.com

website; the services provided by Alchemy in regard thereto; (10) Broadcaster's securities disclosures and/or other public statements concerning such web traffic; (11) Broadcaster's advertising expenditures; (12) the entitlement to the "Earn Out Shares" by Quan and Gardner and/or the issuance of shares to other parties based upon web traffic formula, and the Board's approval thereof; (13) the operations of Broadcaster as well as the governance of the Company by its management and Board of Directors.

t.    Defendant Martin Wade of New Jersey, Broadcaster's Chief Executive Officer is expected to testify as to, among other things: (1) his employment or other relationship with Defendant Broadcaster; (2) the alleged related-party transactions between Broadcaster and Quan and/or the Board Defendants; (3) the services provided by outside companies in exchange for payment by Broadcaster; (4) his relationship, if any, to these companies; (5) the approval of the subject transactions by Broadcaster and/or the Board Defendants; (6) Broadcaster's securities disclosures and/or other public statements in regard to the transaction; (7) Broadcaster's retention of counsel to conduct an independent investigation of these purported related-party transaction, as well as the results, if any, of said investigation; (8) the insufficiency of Nominal-Plaintiff's demand for corporate action and/or the purported futility of such a demand; and the composition of Broadcaster's Board of Directors, including independent directors; (9) the reporting and calculation of "unique visitors" to the Broadcaster.com website; the services provided by Alchemy in regard thereto; (10) Broadcaster's securities disclosures and/or other public statements concerning such web traffic; (11)

certain Broadcaster expenditures; (12) Quan's compensation package and the re-negotiation and amendment thereof, as well as the entitlement of Quan and Gardner of the "Earn Out Shares;" the issuance of shares to other parties based upon web traffic formula; (13) the operations of Broadcaster as well as the governance of the Company by its management and Board of Directors.

u.  Sean Deson, of Las Vegas, Nevada, former Chairman of the Broadcaster Board of Directors, is expected to testify as to: (1) his employment or other relationship with Defendant Broadcaster, Baytree and Michael Gardner; (2) his participation and/or other attendance at the Broadcaster Board meetings as well as the matters addressed therein, including but not limited to the appointment of certain independent directors, the corporate decision to pursue a public AMEX listing, and the issuance of certain shares of the company; (3) the entitlement of Quan and Gardner of the "Earn Out Shares" and/or the issuance of shares to other parties based upon web traffic formula, and the Board's approval thereof.

v.  Robert Falcone of Portland, Oregon, former member of the Broadcaster Board of Directors and Chairman and member of the Audit Committee of the Board of Directors of IMSI, is expected to testify as to: (1) his employment or other relationship with Defendant Broadcaster; (2) the nature of the FTC proceedings; the truth or falsity of the allegations raised therein; the settlement of the FTC action; (3) the alleged related-party transactions between Broadcaster and Quan and/or the Board Defendants; (4) the services provided by outside companies in exchange for payment by Broadcaster; (5) the approval of the subject transactions by Broadcaster and/or the Board Defendants; (6) Broadcaster's securities

disclosures and/or other public statements; (7) Broadcaster's advertising expenditures; (8) Quan's entitlement to the "Earn Out Shares" and/or the issuance of shares to other parties based upon web traffic formula, and the Board's approval thereof; (9) the operations of Broadcaster as well as the governance of the Company by its management and Board of Directors.

w.  Michael Harris, Esq. of Florida, former securities counsel to Broadcaster, is expected to testify as to: (1) certain of Broadcaster's securities disclosures and/or other public statements; (2) the alleged interested-party transactions, the disclosure thereof, and the relationship, if any, of Quan and/or the Board Defendants to certain companies which provided services to Broadcaster.

x.  Vincent Orza of Oklahoma, and former member of the Broadcaster Board of Directors, is expected to testify as to: (1) the Company's investigation as to the alleged interested-party transactions and/or the reporting and disclosure thereof; (2) the composition of the Board of Directors, including the inclusion of independent directors; and (3) the termination of certain directors and the disclosure and reporting thereof.

y.  A representative of Ad On Network, of Phoenix, Arizona, is expected to testify as to advertising-related services provided to Broadcaster, and payments for said services made by Frostham on Broadcaster's behalf.

Nominal and Non-Party Witnesses With Ties to New York

z.  Nominal Plaintiff Baytree and/or its principal Michael Gardner, of New York and Las Vegas Nevada, is expected to testify as to his knowledge, if any, substantiating the allegations set forth in the Complaint and/or the factual

affidavits submitted in this action, as well as the factual basis supporting such allegations.

aa. Plaintiff Paul Goodman, Esq. of New York, a terminated director of Broadcaster whose removal is currently pending the resolution of certain issues in this action, is expected to testify as to the allegations set forth in the Complaint in the *Goodman* action, and his personal knowledge thereof, if any; his related action claiming defamation, and/or the factual affidavits submitted in either action, as well as the factual basis supporting such allegations, if any.

## Conclusion

As set forth above, and in the attached memorandum of law, all of the factors to be considered in determining whether to transfer an action pursuant to 28 U.S.C. § 1404(a) militate in favor of the transfer of this matter to the District Court for the Central District of California.  It is not only that, as a threshold matter, jurisdiction is lacking over all of the Defendants in New York but, most critically, California is the situs of the events which purportedly gave rise to Plaintiff's claims, and the overwhelming majority of material witnesses are located or could be compelled to testify in California.

Accordingly, Defendant Broadcaster Inc.'s motion to transfer should be granted.

I declare under penalties of perjury that the foregoing is true and correct.

Dated: New York, New York
       March 28, 2008

_____
EUGENE LICKER

NY710613.2

17

**EXHIBIT 1**

Friday, March 28, 2008

# BAYTREE CAPITAL

ASSOCIATES LLC

Asset Management

## Baytree Capital Contact Information



| Company Overview | Current Projects | Our Partners | Career Opportunities | Contact Us |

### New York City, NY

Baytree Capital Associates, LLC
The Trump Building at
40 Wall Street
New York, NY 10005
Tel (212) 509 1700
Fax (212) 363 4231

email: mgardner(at)baytreecapital.com



### Las Vegas, NV

Baytree Capital Associates, LLC
2300 W Sahara Ave.
Las Vegas, NV 89102
Tel (702) 247-1701



## ☷ IN THE NEWS

☑ NEOSTEM, INC. Files SEC form 10-K, Annual Report (EDGAR Online)

☑ RAE SYSTEMS INC Files SEC form 8-K, Costs Associated with Exit or Disposal Activities (EDGAR Online)
Fri, 28 Mar 2008 21:17:35 Etc/GMT

☑ RAE Systems cuts 10% of staff (at bizjournals.com)
Fri, 28 Mar 2008 18:28:49 Etc/GMT

☑ InPlay: RAE Systems implements cost reductions, announces a 10% reduction of its Americas' workforce (Briefing.com)
Fri, 28 Mar 2008 17:25:11 Etc/GMT

☑ RAE Systems Implements Cost Reductions (Marketwire)
Fri, 28 Mar 2008 16:02:20 Etc/GMT

☑ RAE SYSTEMS INC Financials (EDGAR Online Financials)
Fri, 28 Mar 2008 16:01:00 Etc/GMT

☑ NEOSTEM, INC. Files SEC form 8-K, Unregistered Sale of Equity Securities

(EDGAR Online)
Thu, 27 Mar 2008 13:05:17 Etc/GMT

RAE Systems Inc. Q4 2007 Earnings Call Transcript (at Seeking Alpha)
Wed, 26 Mar 2008 21:01:07 Etc/GMT

RAE SYSTEMS INC Files SEC form 10-K, Annual Report (EDGAR Online)
Wed, 19 Mar 2008 20:31:08 Etc/GMT

RAE SYSTEMS INC Files SEC form 8-K, Change in Directors or Principal Officers (EDGAR Online)
Mon, 17 Mar 2008 20:59:17 Etc/GMT

» more recent news

Company Overview | Current Projects | Our Partners | Career Opportunities | Contact Us

©2008 Baytree Capital Associates, LLC. All Rights Reserved

Friday, March 28, 2008

# BAYTREE CAPITAL

## Welcome to Baytree Capital Associates

INVESTMENT



Company Overview — Current Projects    Our Partners    Career Opportunities

Contact Us

**IN THE NEWS**



☑ NEOSTEM, INC. Files SEC form 10-K, Annual Report (EDGAR Online)

☑ RAE SYSTEMS INC Files SEC form 8-K, Costs Associated with Exit or Disposal Activities (EDGAR Online)
Fri, 28 Mar 2008 21:17:35 Etc/GMT

☑ RAE Systems cuts 10% of staff (at bizjournals.com)
Fri, 28 Mar 2008 18:28:49 Etc/GMT

☑ InPlay: RAE Systems implements cost reductions, announces a 10% reduction of its Americas' workforce (Briefing.com)
Fri, 28 Mar 2008 17:25:11 Etc/GMT

☑ RAE Systems Implements Cost Reductions (Marketwire)
Fri, 28 Mar 2008 16:02:20 Etc/GMT

☑ RAE SYSTEMS INC Financials (EDGAR Online Financials)

**FOR IMMEDIATE RELEASE:**
*HABSBURGS RETAIN NEW YORK INVESTMENT FIRM FOR BRAN CASTLE*

## Our Mission Statement...

Founded by investment banker Michael Gardner in 1990, Baytree Capital's principal focus is on the structuring and providing of capital resources to growth oriented public companies trading in the U.S.

Since its inception, Baytree Capital has provided significant funding and advisory services on behalf of small and mid-sized public companies, as well as companies preparing to enter the U.S. public markets.

Baytree Capital believes that small companies need access to high level financial services that would not otherwise be made

available to them, such as capital raising, mergers and acquisitions, and exit alternatives.

Baytree Capital always put significant amounts of its own or its principles money in investments - Sharing both the risks and rewards with their partners.

Over the years, both the investors and the companies that have been served by Baytree have consistently benefited from Baytree's ability to structure highly successful privately placed investments.

Baytree Capital's belief is that the best formula for investing is to find unique undervalued companies and elevate their potential by the infusion of capital along with a Baytree's vision and guidance.






In an increasingly complex world, Baytree Capital saw the need for niche growth equity. Those principles remain to this day and are at the core of Baytree's investment strategies.



Fri, 28 Mar 2008 16:01:00 Etc/GMT

☑ NEOSTEM, INC. Files SEC form 8-K, Unregistered Sale of Equity Securities (EDGAR Online)
Thu, 27 Mar 2008 13:05:17 Etc/GMT

☑ RAE Systems Inc. Q4 2007 Earnings Call Transcript (at Seeking Alpha)
Wed, 26 Mar 2008 21:01:07 Etc/GMT

☑ RAE SYSTEMS INC Files SEC form 10-K, Annual Report (EDGAR Online)
Wed, 19 Mar 2008 20:31:08 Etc/GMT

☑ RAE SYSTEMS INC Files SEC form 8-K, Change in Directors or Principal Officers (EDGAR Online)
Mon, 17 Mar 2008 20:59:17 Etc/GMT

» more recent news



Company Overview    |    Current Projects    |    Our Partners    |    Career Opportunities    |    Contact Us

©2008 Baytree Capital Associates, LLC. All Rights Reserved

Friday, March 28, 2008

# BAYTREE CAPITAL

Company Overview — Current Projects — Our Partners     Career Opportunities     Contact Us

## Current Baytree Capital Projects



Real Estate

☞ IN THE NEWS

☑ NEOSTEM, INC. Files SEC form 10-K, Annual Report (EDGAR Online)

☑ RAE SYSTEMS INC Files SEC form 8-K, Costs Associated with Exit or Disposal Activities (EDGAR Online)
Fri, 28 Mar 2008 21:17:35 Etc/GMT

☑ RAE Systems cuts 10% of staff (at bizjournals.com)
Fri, 28 Mar 2008 18:28:49 Etc/GMT

☑ InPlay: RAE Systems implements cost reductions, announces a 10% reduction of its Americas' workforce (Briefing.com)
Fri, 28 Mar 2008 17:25:11 Etc/GMT

☑ RAE Systems Implements Cost Reductions (Marketwire)
Fri, 28 Mar 2008 16:02:20 Etc/GMT

☑ RAE SYSTEMS INC Financials (EDGAR Online Financials)
Fri, 28 Mar 2008 16:01:00 Etc/GMT

☑ NEOSTEM, INC. Files SEC form 8-K, Unregistered Sale of Equity Securities

## Bran Castle » Press Release » View Media



Bran Castle, situated near Bran and in the immediate vicinity of Brasov, Romania, is a national monument and landmark. The Bran castle passed through royal hands for many generations. At the beginning of the 20th century, for sometime, it was the principal home of Queen Marie, who, despite her British birth and upbringing, became quite a Romanian patriot. The castle is decorated largely with artifacts from her time, including traditional furniture and tapestries that she collected to highlight Romanian crafts and skills. It was inherited by her daughter Princess Ileana of Romania, and was later seized by the Communist government of Romania in 1948. For many years it was tended to erratically, but after 1980s restoration and the Romanian Revolution of 1989, it became a tourist destination. The legal heir of the castle is the Princess's son Dominic von Habsburg and in 2006 the Romanian government returned it to Habsburg.

## Broadcaster.com » Visit Site



Broadcaster.com is the next generation online community that empowers registered members to become broadcasters, either of themselves through web cam video chat, or as producers broadcasting from play-lists of live and pre-recorded content. Broadcasters are able to edit their programming with free Broadcaster tools, find an audience by inviting and adding other viewers to their friends list, and notify their audience of broadcast schedules and updates to channel content. Since its launch in

Q4 of 2006, Broadcaster.com has amassed loyal audiences that upload and view millions of video files each month. Broadcaster's ever expanding library of content offers a wide variety of full-length movies, music videos, news feeds, original and proprietary content. Broadcaster, Inc. is headquartered in Los Angeles, CA.

# RAE Systems, Inc. » Visit Site



Founded in 1991, RAE Systems is a leading global developer and manufacturer of rapidly deployable, multi-sensor chemical detection monitors and networks for homeland security and industrial applications. In addition, RAE Systems offers a full line of portable single-sensor chemical and radiation detection products. RAE Systems' products are used by many U.S. government agencies, including the Department of Homeland Security, the Department of Justice, and the Department of State, as well as all branches of the U.S. military, and by numerous city and state agencies. RAE Systems' technologically advanced products are based on proprietary technology, and include wireless monitoring technology, photo-ionization detectors, and gamma and neutron detectors. Our products enable the detection and early warning of weapons of mass destruction, toxic industrial chemicals and other hazardous materials.

(EDGAR Online)
Thu, 27 Mar 2008 13:05:17 Etc/GMT

☑ RAE Systems Inc. Q4 2007 Earnings Call Transcript (at Seeking Alpha)
Wed, 26 Mar 2008 21:01:07 Etc/GMT

☑ RAE SYSTEMS INC Files SEC form 10-K, Annual Report (EDGAR Online)
Wed, 19 Mar 2008 20:31:08 Etc/GMT

☑ RAE SYSTEMS INC Files SEC form 8-K, Change in Directors or Principal Officers (EDGAR Online)
Mon, 17 Mar 2008 20:59:17 Etc/GMT

» more recent news

Company Overview    |    Current Projects    |    Our Partners    |    Career Opportunities    |    Contact Us

©2008 Baytree Capital Associates, LLC. All Rights Reserved

Friday, March 28, 2008

# BAYTREE CAPITAL ASSOCIATES LLC

## Baytree Capital Associates Partners

| Company Overview | Current Projects | Our Partners | Career Opportunities | Contact Us |

## Michael Gardner » Chief Executive Officer and Chairman



Michael Gardner has been Chief Executive Officer and Chairman of Baytree Capital since its inception in 1990. Mr. Gardner brings with him a lifetime of experience as an investment banker and asset manager. Known for his aggressive equity trading and structured financing, Mr. Gardner has helped Baytree Capital raise over one billion dollars on behalf of small to mid-sized public companies.

Born in Brooklyn, New York, Mr. Gardner received his B.A. from Brooklyn College. A former U.S. Naval Officer, Mr. Gardner balances his time between the investment community and number of cultural and charitable causes. Mr. Gardner is a Trustee of the American Academy of Dramatic Arts, Oklahoma City University, NYU and the Hospital for Joint Diseases. Mr. Gardner also serves a Director of the Bid-A-Wee Association and The New York Theater Ballet. In May of 2007, the Mental Health Association of New York honored Mr. Gardner for his work with the mentally ill at their annual gala Giving Hope, Saving Lives.

Mr. Gardner's other avocation is producing theater in New York, London and Las Vegas. Most recently "Sinatra at the Palladium," and "And Then There Were None," in London, On Broadway, "Dance of the Vampires," with Michael Crawford, "Sly Fox,"

### IN THE NEWS

☑ NEOSTEM, INC. Files SEC form 10-K, Annual Report (EDGAR Online)

☑ RAE SYSTEMS INC Files SEC form 8-K, Costs Associated with Exit or Disposal Activities (EDGAR Online)
Fri, 28 Mar 2008 21:17:35 Etc/GMT

☑ RAE Systems cuts 10% of staff (at bizjournals.com)
Fri, 28 Mar 2008 18:28:49 Etc/GMT

☑ InPlay: RAE Systems implements cost reductions, announces a 10% reduction of its Americas' workforce (Briefing.com)
Fri, 28 Mar 2008 17:25:11 Etc/GMT

☑ RAE Systems Implements Cost Reductions (Marketwire)
Fri, 28 Mar 2008 16:02:20 Etc/GMT

☑ RAE SYSTEMS INC Financials (EDGAR Online Financials)

with Richard Dreyfuss, and "A Year with Frog and Toad," for which Mr. Gardner was Tony nominated in 2003.

Mr. Gardner is a Tony Voter and a Member of the League of American Theaters and Producers, the Downtown Association of New York City, Tournament Players Club of Summerlin, and the Stirling Club and Foundation Room in Las Vegas.

Mr. Gardner divides his time between homes in Manhattan, Quogue, and Las Vegas.

# Gianluca Cicogna



Prior to Baytree Capital Mr. Cicogna was a partner at the Zanett Group in New York where he co-founded the successful Zanett Lombardier hedge fund that invested in early stage public companies. The Fund invested in over 60 transactions and generated IRR's in excess of 35%. Prior to Zanett he co-founded Casco Track Limited, a boutique investment bank based in Hong Kong that represented clients in over $600m of cross border M&A transactions. Whilst at Casco Track Mr. Cicogna and his partners invested in telecoms transactions across Asia, including launching Cavite Cable Corporation, the first fiber optic cable TV business in the Philippines. Mr. Cicogna was a founding partner in Orion Telecom Corporation, the largest independent telecommunications service provider in South Africa with annual revenues over $100m and Southern Farms, South Africa's premier table grape production and export company.

Mr. Cicogna graduated from Buckingham University in Economics (with Honors).

---

Company Overview  |  Current Projects  |  Our Partners  |  Career Opportunities  |  Contact Us

©2008 Baytree Capital Associates, LLC. All Rights Reserved

---

Fri, 28 Mar 2008 16:01:00 Etc/GMT

☑ NEOSTEM, INC. Files SEC form 8-K, Unregistered Sale of Equity Securities (EDGAR Online)
Thu, 27 Mar 2008 13:05:17 Etc/GMT

☑ RAE Systems Inc. Q4 2007 Earnings Call Transcript (at Seeking Alpha)
Wed, 26 Mar 2008 21:01:07 Etc/GMT

☑ RAE SYSTEMS INC Files SEC form 10-K, Annual Report (EDGAR Online)
Wed, 19 Mar 2008 20:31:08 Etc/GMT

☑ RAE SYSTEMS INC Files SEC form 8-K, Change in Directors or Principal Officers (EDGAR Online)
Mon, 17 Mar 2008 20:59:17 Etc/GMT

» more recent news