UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BAYTREE CAPITAL ASSOCIATES, LLC, derivatively on :
behalf of BROADCASTER INC.,

                Plaintiff, :

      -against-
: 
NOLAN QUAN, MARTIN R. WADE III, BLAIR MILLS,
RICHARD BERMAN, ANDREW GARRONI, JASON :
BRAZELL, ROBERT GOULD, SANGER ROBINSON,
ALCHEMY COMMUNICATIONS, INC., FROSTHAM :   Case No.: 08-cv-1602
MARKETING, INC., PACIFICON INTERNATIONAL,   (Stanton, J.)
INC., LONGVIEW MEDIA, INC., ACCESS MEDIA :
NETWORKS, INC., ALCHEMY F/X, INC.,
INNOVATIVE NETWORKS, INC., BINARY SOURCE, :   **DECLARATION OF MARTIN**
INC., BROADCASTER, LLC, TRANSGLOBAL MEDIA,   **WADE IN SUPPORT OF**
LLC, SOFTWARE PEOPLE, LLC and ACCESS MEDIA :   **MOTION TO TRANSFER**
TECHNOLOGIES, LLC,

                Defendants, :

      -and-
:
BROADCASTER INC.,
:
                Nominal Defendant.
:
-------------------------------------------------------------------X

      MARTIN WADE declares as follows pursuant to 28 U.S.C. § 1746:

      1.    I am a named Defendant in this action. In addition, I am the Chief Executive Officer ("CEO") of Defendant Broadcaster Inc. ("Broadcaster") as well as a member of its Board of Directors. I have personal knowledge of the matters set forth herein, and respectfully submit this declaration in support of Broadcaster's motion to transfer this action, and the three actions to which it is related, to the District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a).

2.  I also submit this declaration, in the interests of efficiency, in support of Broadcaster's motion to transfer the related action currently pending before this Court, *Goodman v. Broadcaster, Inc. et al.*, Case No. 08-cv-00632, wherein Plaintiff Paul Goodman seeks similar derivative relief in regard to the same underlying issues as asserted herein.

3.  As set forth in Broadcaster's moving papers, in which the individual Defendants join, Broadcaster's motion to transfer these actions to the District Court for the Central District of California should be granted because the situs of the acts which are complained of necessarily took place in California and the overwhelming majority of witnesses are in California.

4.  Broadcaster is a Delaware corporation which maintains its principal offices and conducts its operations in Chatsworth, California. Among other things, the Company owns and operates a social networking web site, <www.broadcaster.com>, which has over 700,000 members and generates revenues by way of banner advertising. Broadcaster's operations, even in its "pared-down state," and maintenance of the web site, take place entirely at its offices in California. Broadcaster is the product of a merger which was executed entirely in California – primarily at the offices of Morgan Lewis & Bockius in Palo Alto, California. Michael Gardner, on behalf of Baytree, attended the closing in California.

5.  I have been advised that nominal Plaintiffs Baytree and Goodman have asserted that these separate but identical derivative actions are properly brought in this District notwithstanding that the acts complained of did not occur here and the overwhelming majority of witnesses would be terribly inconvenienced, because I have traveled to New York in the past in connection with Broadcaster matters.

6.  Some context for my limited activities in New York is required. I am a resident and citizen of New Jersey. Because I live in southern New Jersey, 150 miles south of New York City, the trip is about two to three hours.

7.  In the California meetings which led to Broadcaster's creation (by reverse merger) in 2006, which Michael Gardner of Baytree also attended, it was agreed that I would serve as Broadcaster's CEO notwithstanding that I resided in New Jersey, with the understanding that my time would be split between the East and West Coasts.

8.  One of my principal roles as Chief Executive Officer ("CEO") is to make investor presentations in cities across the country, including both New York and California, as well as other states across the country. Indeed, since its inception, I have spent a significant amount of time conducting Broadcaster business in California. Indeed, during certain periods, I spent approximately two weeks of every month in California.

9.  On trips to New York, I was offered and used, as a convenience, an office at Baytree (in lower Manhattan), which was vacant at the time. At no time have the operations of Broadcaster been conducted from that office, nor was it a "Broadcaster office." Neither my name nor the Company's name appeared on the office door, nor was any rent, telephone or other such charges paid or assessed. The day-to-day operations of Broadcaster were conducted, and continue to be conducted, entirely from the Company's offices in California.

10. While one shareholder meeting was conducted in downtown New York City, the choice of the locale bore no relationship to the situs of the Company or its operations. Meetings of the Board of Directors were conducted, to the best of my recollection, all telephonically, enabling directors from all locales to participate.

11. Notwithstanding the foregoing, it is worth noting that in the years of Broadcaster's existence (2006 to the present), Michael Gardner traveled to the Broadcaster offices in California on various occasions to discuss Broadcaster operations.

12. In the event that my testimony is sought in regard to this action, which is likely given my knowledge of the events at issue, I would make myself available in California to provide such testimony. It is my understanding that my testimony could be compelled in California, in any event, based upon my employment as the CEO of Broadcaster and my service on its Board of Directors.

I declare under penalties of perjury that the foregoing is true and correct.

Dated: New York, New York
March 28, 2008

*/s/ Martin Wade*
Martin Wade

NY710613.1
212282.10002