UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BAYTREE CAPITAL ASSOCIATES, LLC,
derivatively on behalf of,
BROADCASTER, INC.

                       Plaintiff,

   - against -

NOLAN QUAN, MARTIN R. WADE III,
BLAIR MILLS, RICHARD BERMAN,
ANDREW GARRONI, JASON BRAZELL,
ROBERT GOULD, SANGER ROBINSON,
ALCHEMY COMMUNICATIONS, INC.,
FROSTHAM MARKETING, INC., PACIFICON
INTERNATIONAL, INC., LONGVIEW MEDIA,
INC., ACCESS MEDIA NETWORKS, INC.,
ALCHEMY F/X, INC., INNOVATIVE NETWORKS,
INC., BINARY SOURCE, INC., BROADCASTER,
LLC, TRANSGLOBAL MEDIA, LLC, SOFTWARE
PEOPLE, LLC, and ACCESS MEDIA
TECHNOLOGIES, LLC,

                       Defendants.
   - and-

BROADCASTER, INC.

                       Nominal Defendant.
------------------------------------------------------------X

Case No.: 08-CV-1602
(Stanton, J.)

**DECLARATION OF
PAUL GOODMAN**

Paul Goodman declares as follows:

1. I am over eighteen years of age and reside in the State of New York. I submit this declaration in opposition to Nominal Defendant's motion to transfer venue. I am a current member of the board of directors of Broadcaster Inc. and am fully familiar with the facts in this matter and make this affidavit based upon my personal knowledge, meetings and conversations with the staff and management of Broadcaster Inc., and my review of documents filed by Broadcaster, Inc.

2. I am an attorney admitted to practice in the State of New York and a member of the firm of Cyruli Shanks Hart & Zizmor LLP.

3. I have been informed by counsel for Plaintiff that Nominal Defendant has alleged that California would be a more convenient forum for the witnesses in this action. I provide this Declaration to assure the Court that the Southern District of New York is the most reasonable and convenient venue for this action.

A. Inconvenience Such that Transfer May Result in Withdrawal of Two Actions

4. The convenience of the parties weighs heavily in favor of the Plaintiff herein. I have been informed that this Court has decided to rule concerning venue as to all four matters that concern the Defendants[1]. Thus, a decision to transfer the instant matter may result in the transfer of the two matters in which I am Plaintiff. Although an attorney, I am a pro se litigant in this action and am not being paid for my services by any party or third party. In fact, this litigation comes at great cost to me. I have already spent hundreds of non-reimbursed billable hours investigating the facts which form the basis of this action. All of these hours are billable hours that have been lost to me. The expenses of all defendants in these litigations are being borne by Nominal Defendant Broadcaster. Additionally, Defendant Quan is very wealthy. I would be severely prejudiced should this litigation be transferred to California. I do not believe that I would be able to pay the expenses related to a such a long-distance litigation

5. In the event that this action is transferred to California, my costs in maintaining this action will multiply several times over, including travel costs to attend

---

[1] *Baytree Capital Associates, LLC v. Quan, et al.*, No. 08-CV-1602 (SDNY); *Goodman v. Broadcaster, Inc., et al.*, No. 08-CV-2851 (SDNY); *Goodman v. Broadcaster, Inc., et al.*, No. 08-CV-2480 (SDNY); and *Gardner v. Wade*, No. 103276/08 (NY Supreme)

hearings and time lost traveling between New York and Los Angeles. Defendants in this action are keenly aware that a transfer would probably result in my having to voluntarily dismiss the two actions in which I am Plaintiff.

6. It is important to note that this action seeks an accounting from the individual Defendants for the benefit of Defendant Broadcaster. It does not seek any damages for Plaintiff and in the event that Plaintiff prevails at trial, the party to be benefited is solely Defendant Broadcaster and not the Plaintiff.

B. Broadcaster Business Activity Located in New York

7. I have been informed by counsel for Plaintiff that Nominal Defendant has alleged The Southern District of New York is an improper venue because no business of Broadcaster, Inc. was conducted in New York City. I am also so informed that Martin Wade states that "[a]t no time have the operations of Broadcaster been conducted from that [New York] office, nor was it a "Broadcaster office." Wade Declaration at ¶ 9. This is not true.

8. First, and most dramatically, on October 15, 2007, Martin Wade signed and filed an SEC Form 10-KSB on behalf of Broadcaster, in which he states "Baytree also provides a New York office for us which is used on a regular basis by our Chief Executive Officer, Mr. Martin R. Wade, III." SEC Form 10-KSB at 49 (emphasis added). A copy of the October 15, 2007 SEC Form 10-KSB is annexed as Exhibit "A". Thus, at Defendant Broadcaster's own admission, New York County was a locus of Broadcaster's business.

9. Second, Broadcaster conducted a substantial amount of its business within New York and specially, New York County. I have personal knowledge that the CEO of

the company spent most of his time working for the company located in the New York and New Jersey. He worked from his home in New Jersey and from the Broadcaster office in Baytree Capital located on Wall Street.

10. The fact that New York City was the location of much of the executive history of the company is also confirmed by the fact that the executive prior to Wade also worked out of New York City, full time. Prior to Defendant Wade becoming Chairman of Broadcaster in May, 2007, the company's Chairman was Brice Galloway. Mr. Galloway was and remains a New York City based investment banker. Chairman Galloway operated out of New York City before and after Defendant Quan's entry into the company in 2006.

11. Since the time of my election to the Board in May, 2007, Broadcaster held its annual stockholder meeting in New York County. I have personal knowledge of at least three Board of Directors meeting in New York County, at which Defendant Wade was present in New York. I have personal knowledge of at least two Board of Directors meeting in New York County at which, Defendants Quan and Mills were personally present in New York.

12. The majority of the activity of Broadcaster, Inc. concerned its extensive interaction with the investor relations, venture capital and public relations communities. I was personally aware that Broadcaster management invested a great deal of its time promoting the web site and stock to the investor relations, venture capital and public relations business communities. Nearly all of this activity occurred in the New York metropolitan region.

13. The investor and public relations work of the company was located exclusively in New York City. The work was so focused on New York City that Broadcaster retained a New York City firm as its principal consultant. Broadcaster retained The Investor Relations Group located in New York City. The investor relations work was so intensive that there was a Daily Update of the activity centered generated by the New York City operation. The Daily Update recounted the multifaceted outreach effort of Broadcaster from New York City to the investor community.

14. The public relations work of Broadcaster was also centered on New York City. Again, the work was so focused on New York City that Broadcaster hired the quintessential New York public relations firm Rubenstein Associates, Inc.

## Conclusion

15. It is respectfully submitted that the Defendants' motion for transfer be denied in its entirety.

WHEREFORE, it is respectfully requested that this Court deny the Nominal Defendant's motion to transfer venue.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Paul Goodman