UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BAYTREE CAPITAL ASSOCIATES, LLC,
derivatively on behalf of,
BROADCASTER, INC.

                                Plaintiff,

       - against -

NOLAN QUAN, MARTIN R. WADE III,
BLAIR MILLS, RICHARD BERMAN,
ANDREW GARRONI, JASON BRAZELL,
ROBERT GOULD, SANGER ROBINSON,
ALCHEMY COMMUNICATIONS, INC.,
FROSTHAM MARKETING, INC., PACIFICON
INTERNATIONAL, INC., LONGVIEW MEDIA,
INC., ACCESS MEDIA NETWORKS, INC.,
ALCHEMY F/X, INC., INNOVATIVE NETWORKS,
INC., BINARY SOURCE, INC., BROADCASTER,
LLC, TRANSGLOBAL MEDIA, LLC, SOFTWARE
PEOPLE, LLC, and ACCESS MEDIA
TECHNOLOGIES, LLC,

                                Defendants.
       - and-

BROADCASTER, INC.

                          Nominal Defendant.
-----------------------------------------------------------X

Case No.:

**DECLARATION OF VINCENT ORZA**

Vincent Orza declares as follows:

      1.    I am over eighteen years of age and reside in the State of Oklahoma. I submit this declaration in opposition to Nominal Defendant's motion to transfer venue. I am a former member of the board of directors of Broadcaster Inc. and am fully familiar with the facts in this matter and make this affidavit based upon my personal knowledge, meetings and conversations with the staff and management of Broadcaster Inc., and my review of internal documents of and public documents filed by Broadcaster, Inc.

2.   I am currently employed as the Dean of the Meinders School of Business at Oklahoma City University. I was the founder of Eateries Inc., a successful casual theme chain of restaurants operating across the United States.

3.   I have been informed by counsel for Plaintiff that Nominal Defendant has alleged that California would be a more convenient forum for the witnesses in this action. In fact, the Southern District of New York seems to be the most rational location for an action involving the decisions of Broadcaster, Inc. Much of the executive activity of the company occurred exclusively in New York City. I am aware that Martin Wade, the Chief Executive of the Company worked much of the time out of the New York City office for Broadcaster located at Baytree Capital.

4.   The Board of Directors of Broadcaster, Inc. regularly conducted the meetings from the Broadcaster, Inc.'s office in New York. Martin Wade, together with Paul Goodman and Richard Berman, would participate in these meetings from New York. Most of my participation was via the telephone while I was in Oklahoma. Blair Mills would also participate by telephone.

5.   The only time I ever attended a Board Meeting in person, I traveled to New York for the meeting. I never traveled to California for a board meeting, nor am I aware of any board meeting ever being held in which the majority of the board members participated from California.

6.   I write to inform the court that I would not be inconvenienced by the maintenance of this action in the Southern District of New York. In fact, I would prefer that the action be maintained in the Southern District of New York.

WHEREFORE, it is respectfully requested that this Court deny the Nominal Defendant's motion to transfer venue.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Vincent Orza