UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BAYTREE CAPITAL ASSOCIATES, LLC,
derivatively on behalf of,
BROADCASTER, INC.

                  Plaintiff,

- against -

NOLAN QUAN, MARTIN R. WADE III,
BLAIR MILLS, RICHARD BERMAN,
ANDREW GARRONI, JASON BRAZELL,
ROBERT GOULD, SANGER ROBINSON,
ALCHEMY COMMUNICATIONS, INC.,
FROSTHAM MARKETING, INC., PACIFICON
INTERNATIONAL, INC., LONGVIEW MEDIA,
INC., ACCESS MEDIA NETWORKS, INC.,
ALCHEMY F/X, INC., INNOVATIVE NETWORKS,
INC., BINARY SOURCE, INC., BROADCASTER,
LLC, TRANSGLOBAL MEDIA, LLC, SOFTWARE
PEOPLE, LLC, and ACCESS MEDIA
TECHNOLOGIES, LLC,

                  Defendants.

- and-

BROADCASTER, INC.

                  Nominal Defendant.
------------------------------------------------------------------X

Case No.: 08-CV-1602
(Stanton, J.)

**DECLARATION OF**
**MICHAEL GARDNER**

Michael Gardner declares as follows:

    1.    I am over eighteen years of age and reside in the State of New York. I submit this declaration in opposition to Nominal Defendant's motion to transfer venue. I am a shareholder of Broadcaster Inc. and am fully familiar with the facts in this matter and make this affidavit based upon my personal knowledge, meetings and conversations with the staff and management of Broadcaster Inc., and my review of internal documents of and public documents filed by Broadcaster, Inc.

2. I have been informed by counsel for Plaintiff that Nominal Defendant has alleged that California would be a more convenient forum for the witnesses in this action. I provide this Declaration to assure the Court that the Southern District of New York is the most reasonable and convenient venue for this action.

A. <u>The Impact Upon Me is More than an Inconvenience</u>

3. Unfortunately, I had renal cancer surgery on March 20, 2008. I have had a few complications since the surgery necessitating two return visits. As confirmed in the annexed letter from my physician, Dr. Stephen Smiles, I am not permitted to fly or be far from his physicians. I do not know when such travel will be permitted. Until my medical condition improves dramatically, the transfer of this matter to California would severely damage my ability to assist in the litigation. Due to my knowledge of the facts herein and business experience, I believe I will be a key witness for Plaintiff. Thus, a transfer of this matter would I believe be a significant loss to the ability of the Plaintiff to properly prosecute this matter.

B. <u>Broadcaster Business Activity Located in New York</u>

4. I have been informed by counsel for Plaintiff that Nominal Defendant has alleged The Southern District of New York is an improper venue because no business of Broadcaster, Inc. was conducted in New York City. I am also so informed that Martin Wade states that "[a]t no time have the operations of Broadcaster been conducted from that [New York] office, nor was it a "Broadcaster office." <u>Wade Declaration</u> at ¶ 9. This is not true.

5. I am intimately familiar with the work habits of the Martin Wade III for Broadcaster, Inc. Mr. Wade lives in New Jersey and conducted his work for Broadcaster,

primarily out of the office in New York City provided Broadcaster, Inc., most often at least three days per week. When Mr. Wade was not working out of the New York City office, he worked out of his home. My knowledge of Mr. Wade's work habits was so intimate that individuals wishing to reach him often had to call me. This was because Mr. Wade was in the habit of allowing all of his telephone message capacity to fill rendering the message system useless. Often, Mr. Wade's business associates had to reach out to me to get in contact with Mr. Wade.

6. It is not true that Mr. Wade spent a majority, or even a substantial amount, of time working from California.

7. Additionally, Broadcaster held its annual stockholder meeting in New York County. I have personal knowledge of at least three Board of Directors meeting in New York County, at which Defendant Wade was present in New York. I have personal knowledge of at least two Board of Directors meeting in New York County at which, Defendants Quan and Mills were personally present in New York.

8. I was very aware of the extensive interaction by Broadcaster, Inc. with the investor relations, venture capital and public relations community. I was personally aware that Broadcaster management invested a great deal of its time promoting the web site and stock to the investor relations, venture capital and public relations business communities. Nearly all of this activity occurred working out of the New York metropolitan region. The work was so focused on New York City that Broadcaster retained a New York City firm as its principal consultant. Broadcaster retained The Investor Relations Group located in New York City. The public relations work of Broadcaster was also centered on

New York City. Again, the work was so focused on New York City that Broadcaster retained the well-known New York City public relations firm Rubenstein Associates, Inc.

9. Nearly all of the false representations to the investor relations, venture capital and public relations communities were made from New York City.

## Conclusion

10. It is respectfully submitted that the Defendants' motion for transfer be denied in its entirety.

WHEREFORE, it is respectfully requested that this Court deny the Nominal Defendant's motion to transfer venue.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Michael Gardner