UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
BAYTREE CAPITAL ASSOCIATES, LLC, derivatively on :
behalf of BROADCASTER, INC.,
:
                Plaintiff,
:
        -against-
:
NOLAN QUAN, MARTIN R. WADE III, BLAIR MILLS,
RICHARD BERMAN, ANDREW GARRONI, JASON :
BRAZELL, ROBERT GOULD, SANGER ROBINSON,
ALCHEMY COMMUNICATIONS, INC., FROSTHAM  : Case No.: 08-cv-1602
MARKETING, INC., PACIFICON INTERNATIONAL,
INC., LONGVIEW MEDIA, INC., ACCESS MEDIA    : (Stanton, J.)
NETWORKS, INC., ALCHEMY F/X, INC.,
INNOVATIVE NETWORKS, INC., BINARY SOURCE, :
INC., BROADCASTER, LLC, TRANSGLOBAL MEDIA,
LLC, SOFTWARE PEOPLE, LLC and ACCESS MEDIA :
TECHNOLOGIES, LLC,
:
                Defendants,
:
        -and-
:
BROADCASTER, INC.,
:
                Nominal Defendant.
:
------------------------------------------------------------------- X

**JOINT REPLY MEMORANDUM OF LAW OF DEFENDANTS
BROADCASTER INC., NOLAN QUAN, MARTIN WADE AND BLAIR MILLS
<u>IN FURTHER SUPPORT OF MOTIONS TO TRANSFER</u>**

| | |
|---|---|
| LOEB & LOEB, LLP | HOWREY LLP |
| Michael P. Zweig (MPZ-5318) | Michael Armstrong (MA-8570) |
| Eugene Licker (EL-0334) | 153 East 53rd Street, 54th Floor |
| 345 Park Avenue | New York, New York 10022 |
| New York, New York 10154 | (212) 896-6500 |
| (212) 407-4000 | |
| | *Attorneys for the Defendants* |
| *Attorneys for Defendant Broadcaster Inc.* | *Quan, Wade, and Mills* |

NY713193.2
212282-10002

## **TABLE OF CONTENTS**

Page(s)

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ............................................................................................................................... 5

    I.    THE NOMINAL PLAINTIFFS HAVE FAILED TO REBUT DEFENDANTS' SHOWING THAT CALIFORNIA IS THE LOCUS OF THE OPERATIVE FACTS PERTINENT TO THESE ACTIONS, AND IS BY FAR THE MOST CONVENIENT FORUM ........................................................................................... 5

        A.    The Operative Facts ........................................................................................ 5

        B.    Pertinent Legal Authority Strongly Favors Transfer ..................................... 7

    II.    THE PERSONAL OBJECTIONS OF GARDNER AND GOODMAN ARE DISTRACTIONS RAISED BY NOMINAL INTERESTS .................................... 9

    III.    NOMINAL PLAINTIFFS WRONGLY CLAIM THAT CERTAIN WITNESSES ARE MATERIAL AND/OR LOCATED IN NEW YORK .......... 13

CONCLUSION .......................................................................................................................... 15

# **TABLE OF AUTHORITIES**

Page(s)

### CASES

*Bassali v. Johnson Controls, Inc.*,
  No. 06 cv 4149, 2007 U.S. Dist. LEXIS 95143 (S.D.N.Y. Dec. 20, 2007) .............................. 8

*Berman v. Informix Corp.*,
  30 F.Supp.2d 653 (S.D.N.Y. 1998) .............................................................................. 11

*Butcher v. Gerber Products Co.*,
  No. 98 Civ. 1819, 1998 U.S. Dist. LEXIS 11869 (S.D.N.Y. July 29, 1998) ......................... 10

*Douglas v. Syracuse Univ. College of Law*,
  No. 94 Civ. 9195, 1995 U.S. Dist. LEXIS 13529 (S.D.N.Y. Sept. 15, 1995) ....................... 10

*Foster v. Litton Indus., Inc.*,
  431 F. Supp. 86 (S.D.N.Y. 1977) ........................................................................... 11-12

*Frame v. Whole Foods Market, Inc.*,
  No. 06 Civ. 7058, 2007 U.S. Dist. LEXIS 72720 (S.D.N.Y. Sept. 24, 2007) ..................... 7, 8

*Fuller v. Am. Machine Foundry Co.*,
  91 F. Supp. 710 (S.D.N.Y. 1950)) ................................................................................ 5

*Glass v. S&M NuTec, LLC*,
  456 F.Supp.2d 498 (S.D.N.Y. 2006) ......................................................................... 8, 14

*Herbert Ltd. P'ship v. Elec. Arts Inc.*,
  325 F.Supp.2d 282 (S.D.N.Y. 2004) ....................................................................... 8-9, 14

*IBJ Shroder Bank & Trust Co. v. Mellon Bank, N.A.*,
  730 F. Supp. 1278 (S.D.N.Y. 1990) ............................................................................ 11

*In re AtheroGenics Sec. Lit.*,
  No. 05 Civ. 00061, 2006 U.S. Dist. LEXIS 15786 (S.D.N.Y. Mar. 31, 2006) ....................... 6

*Laborers Local 100 and 397 Pension Fund v. Bausch & Lomb, Inc.*,
  Nos. 06 Civ. 1942, 06 Civ. 2025, 06 Civ. 2659, 06 Civ. 2916, 06 Civ. 2918, 06 Civ.
  3106, o6 Civ. 3653, 2006 U.S. Dist. LEXIS 36018 (S.D.N.Y. June 5, 2006) ..................... 11

*Langner v. Stephen L. Brown, S.L.*,
  913 F. Supp. 260 (S.D.N.Y. 1996) ............................................................................... 9

*Lewis v. C.R.I., Inc.*,
  No. 03 Civ. 6362, 2003 U.S. Dist. LEXIS 6362 (S.D.N.Y. Apr. 15, 2003) ......................... 11

|  | Page(s) |
|---|---|
| *Morton v. Rank America Inc.*, 812 F. Supp. 1062 (C.D. Cal. 1993) | 9 |
| *Quan v. Computer Sciences Corp.*, No. CV 06-3927, 2008 U.S. Dist. LEXIS 1360 (E.D.N.Y. Jan. 8, 2008) | 11 |
| *Strauss v. West Highland Capital, Inc.*, 00 Civ. 01184, 2000 U.S. Dist. LEXIS 14937 (S.D.N.Y. Oct. 5, 2000) | 8, 11 |

## STATUTES, RULES & REGULATIONS

| | |
|---|---|
| 28 U.S.C. § 1404 | 1, 7, 15 |
| Fed. R. Civ. Proc. 12(b) | 7 |
| Fed. R. Civ. Proc. 32(a)(4)(C) | 12 |

Defendants Broadcaster Inc. ("Broadcaster"), Nolan Quan, Martin Wade, and Blair Mills respectfully submit this joint reply memorandum of law in further support of their motions to transfer Baytree Capital Assocs. v. Quan, et al., 08 Civ 01602 ["Baytree"] and Goodman v. Broadcaster, et al., 08 Civ 02480 ["Goodman"] (as well as the two related defamation cases) to the District Court for the Central District of California, pursuant to 28 U.S.C. § 1404(a). As established in Defendants' moving papers and further below, the convenience of the witnesses, the locus of operative facts and the interests of justice overwhelmingly favor the transfer of these actions to the Central District of California.

## PRELIMINARY STATEMENT

The respective oppositions by Plaintiffs Baytree,[1] Goodman,[2] and Gardner[3] to Defendants' motions to transfer pursuant to 28 U.S.C. § 1404 are as hollow and disingenuous as the allegations underlying their respective actions. Plaintiffs now cynically contend, in opposing Defendants' motions, that the centerpiece of their respective actions, the prior FTC Action, is but of "limited relevance" to their actions (*see* Baytree Opp. Mem. at 12, 14). A fair reading of the Baytree shareholder derivative complaint, the Goodman B.C.L. § 720 complaint, and the affidavits submitted by Gardner and Goodman in support of their applications for temporary restraining orders is that the FTC charges are the sole offered factual support for any allegation of wrongdoing. *See, e.g.,* Baytree Cmplt. at ¶¶ 36-38, 52-54; Goodman Cmplt. at ¶¶ 9-13, 18, 25). That these Plaintiffs so blithely are willing to now pretend otherwise is telling.

---

[1] Baytree Capital Assocs. v. Quan, et al., 08 Civ 01602.
[2] Goodman v. Broadcaster, et al., 08 Civ 02480, and Goodman v. Wade, et al. 08 Civ. 02851.
[3] Gardner v. Wade, 08 Civ. 02850.

Plaintiffs down-play, if not ignore, the most pertinent and compelling factors determinative on a motion to transfer: the locus of operative facts and the convenience of the parties and material witnesses. As detailed below, the overwhelming majority of witnesses, and virtually all of the operative facts, are found in California. This is, at bottom, an easy and clear case mandating transfer. The arguments to the contrary, with all respect, are nothing but background noise.

Baytree and Goodman also rely upon a raft of unsupported, misleading and/or conclusory allegations proffered to the Court as part of Plaintiffs' attempt to create some nexus with New York when, in fact, no such legitimate or relevant nexus exists. While such (contested) facts are conceivably relevant to an (as of yet unmade) jurisdictional motion involving Broadcaster, they have no bearing here as they are not "operative" facts. Moreover, a determination of <u>where</u> the operative facts occurred must be based on Plaintiffs' own allegations in their Complaints, which are pled against individual California residents and a host of California entities (either incorporated or maintaining their principal places of business in California), and revolve around alleged "looting" of a corporation having its undisputed principal place of business in California, by California-based employees through alleged California transactions. Indeed, Plaintiffs' oppositions are devoid of a single evidentiary allegation suggesting that the acts and practices they challenged did <u>not</u> occur in California.

Baytree also attempts to exploit the current state of health of non-party Michael Gardner. We note that Baytree's counsel had previously represented to this Court that Michael Gardner is physically able to testify at deposition in New York, and is available to do so. Tellingly, Mr. Gardner's own doctor attests in a letter (Gardner Decl. at Exh. 1) that Gardner's plane travel (outside of New York) is restricted <u>only</u> for a two month period. Whatever

information Mr. Gardner has, if any, that is pertinent to this lawsuit can be derived by any party through a deposition. Similarly, in the event that Paul Goodman has any factual information pertinent to any of the cases, such information can be obtained from Mr. Goodman at deposition.

Baytree also now contends (Baytree Opp. Mem. at 7-8) that Defendants somehow made a dispositive admission pertinent to this transfer motion by retaining a law firm located in Connecticut, as opposed to California, to investigate alleged "related-party transactions" between partities located in California. Yet, Plaintiffs and their counsel well know that the investigative firm, Daly & Pavlis LLC, was selected by the Broadcaster <u>Audit Committee</u>, not because of that firm's proximity to New York, but because of its expertise, because of its fee structure and, most importantly, because Plaintiff Paul Goodman endorsed its selection. Plaintiffs also well know that when Daly & Pavlis commenced its work last month, it did so by traveling to Broadcaster's offices in California to speak with the personnel there and to review the records of the Company, all of whom and which are located in California.

It is indeed telling that the factors most championed by Plaintiffs as compelling the Court to resolve these actions in New York are factors of Plaintiffs' own making. Daly & Pavlis was retained because of Goodman's endorsement. Any corporate activity that took place in New York occurred because of Gardner's request to accommodate him. The actions were filed in New York because nominal Plaintiffs chose to do so. The factors Plaintiffs could not control – the location of witnesses, including non-parties, and the locus of the underlying events – all heavily favor the transfer of these actions to California.

In its opposition, Baytree also attempts to exploit Goodman's speculation (Goodman Decl. at ¶ 8) that "Defendants" are aware that a transfer of the actions to California would "probably" result in his voluntary dismissal of his lawsuits. Baytree mischaracterizes

Goodman's speculation as an assertion by Goodman that he would be "unable to pursue" the actions were they to be transferred. *See* Baytree Opp. Mem. at 22, 24. This statement was, in fact, never made by Goodman, nor does Goodman actually claim or demonstrate lack of resources.[4] Such a lack of commitment on Goodman's part would in any event bluntly contradict his representations to this Court regarding the sincere and altruistic commitment he is making in supposedly pursuing the litigation on behalf of all Broadcaster shareholders. It appears that Goodman is more interested in creating inconvenience and cost for the Defendants, including, ironically, Broadcaster, than he is in pursuing truth and justice.

Plaintiffs' desire to litigate these cases in New York, at considerably greater expense and inconvenience to Broadcaster and the other twenty Defendants,[5] represents little more than a scorched earth litigation tactic, designed to make the costs of opposing Plaintiffs so great that Defendants will be forced to yield to completely meritless strike suits. Accordingly, Defendants' motions to transfer should be granted.

---

[4] Such a position would, in any event, necessarily be disingenuous. Although transferring these actions to California will make matters much more convenient for the witnesses and the parties, it would not appreciably increase Mr. Goodman's financial burden unless he expects frequent trips to the Courthouse to make potentially unnecessary motions. The incremental cost of attending some conferences and ultimately the trial cannot be so large to render this case unaffordable, especially given Goodman's prayer for costs.

[5] In Baytree Capital Assocs. v. Quan, et al., 08 Civ 01602, Plaintiff has only filed affidavits of service for six of the twenty-one Defendants. Plaintiffs in the related actions have not filed any affidavits of service.

## ARGUMENT

I. **THE NOMINAL PLAINTIFFS HAVE FAILED TO REBUT DEFENDANTS' SHOWING THAT CALIFORNIA IS THE LOCUS OF THE OPERATIVE FACTS PERTINENT TO THESE ACTIONS, AND IS BY FAR THE MOST CONVENIENT FORUM**

   A.  **The Operative Facts**

It is a fact, not denied by Plaintiffs in their opposition, that the locus of the wrongful acts and events they allege as the basis for their actions all occurred in California, and that the alleged "wrongdoers" (and witnesses to such acts) reside almost exclusively (as their Complaints evidence) in California.

One need not look further than the allegations in the respective Baytree shareholder derivative complaint and the Goodman B.C.L. § 720 complaint to conclude that the claims and operative facts alleged therein, by necessity, arose in California. Indeed, Goodman admits (Goodman Opp. at 2) that his BCL § 720 action, which is brought in a representative capacity and is, thus, derivative in nature, is based on a "similar set of facts" as those alleged in the Baytree derivative action.[6] The gravamen of both actions is that the eight individual Defendants who are named in the action conspired together to conduct the business affairs of Broadcaster in an improper and unlawful manner, allowing the company allegedly to be "looted" by certain of the Defendants. See Baytree Cmplt. at ¶¶ 1, 29; Goodman Cmplt. at ¶¶ 22-26. These are serious charges, as to which every Defendant, including Broadcaster,[7] has a strong interest in seeing resolved, so that the company can move forward.

---

[6] Goodman's defamation action is based on similar set of alleged facts. See Complaint ¶¶ 16, 32, 36, 37.

[7] See Fuller v. Am. Machine Foundry Co., 91 F. Supp. 710, 711 (S.D.N.Y. 1950) (declaring how the "corporation can actively defend where the interests of the corporation are threatened with injury by

It was for these reasons that the FTC action, on which Plaintiffs rely entirely as "proof" of alleged wrongdoing, was brought in California. It will not do for Plaintiffs, for purposes of these transfer motions, to now pretend that the FTC action is now of "marginal relevance." Nor can Plaintiffs be heard to claim that witnesses as to facts and events not even remotely referred to in the complaints (who conveniently happen to reside in New York), should now be deemed "material witnesses."

Plaintiffs rest their oppositions to transfer on three assertions, none of them proven. First, Plaintiffs argue that Michael Gardner's alleged inability to travel by airplane for a period of two months (*See* Letter of Stephen A. Smiles, M.D., dated April 7, 2008, attached as Exhibit 1 to the Gardner Declaration) is <u>the</u> compelling consideration in favor of denying transfer. *See* Baytree Opp. Mem. at 9, 17. Second, Plaintiffs speculate that, in the event of transfer, Paul Goodman "might" choose to voluntarily dismiss his redundant and unnecessary action. *See* Baytree Opp. Mem. at 9. Last, Plaintiffs argue that the Audit Committee's decision to utilize a law firm based in Connecticut to perform an internal investigation for the corporation constitutes an "admission" as to the alleged locus of operative events in New York.

What is of evidentiary significance on these motions is that the material witnesses and documentary evidence necessary to address (and rebut) Plaintiffs' allegations are all located in California. This is exemplified by the undisputed fact that all of the documents (including non-electronic records) are located in California, and that the material witnesses are there as well, as exemplified by independent counsel Daly and Pavlis having now asked to interview

---

the relief sought in the complaint"). Indeed, it is well recognized that a nominal defendant corporation can bring a motion to transfer. *See, e.g., In re AtheroGenics Sec. Lit.*, No. 05 Civ. 00061, 2006 U.S. Dist. LEXIS 15786, at *2 (S.D.N.Y. Mar. 31, 2006).

approximately 12 individuals (including present and former Broadcaster employees) all but one residing in California. *See* Mills Decl. at ¶ 3.

The balance of Plaintiffs' opposition is devoted to Plaintiffs' misguided attempts to make it appear as if Plaintiffs were opposing a motion based on improper venue or jurisdiction, under Rule 12(b) (which has not yet been made), as opposed to the motion for transfer under 28 U.S.C. § 1404. As set forth in the accompanying Mills declaration, Plaintiffs' recitation of random activities by Broadcaster in New York is greatly exaggerated and/or mischaracterized. Moreover, given the extremely limited nature of Broadcaster's activities in New York, it remains undisputed that the operative facts and events upon which Plaintiffs' actions are based occurred in California, and that the overwhelming majority of the parties and material witnesses reside in California.

### B.     Pertinent Legal Authority Strongly Favors Transfer

Plaintiffs do not dispute the legal standard articulated by Defendants in their moving papers governing transfer. Nor do Plaintiffs even attempt to distinguish the legal authority cited by Defendants.

Rather, Plaintiffs' opposition briefs are packed with highly selective quotations from a large number of factually distinct cases. Even here, however, it is noteworthy that the majority of the cases cited by Plaintiffs held, after evaluation of the relevant transfer factors, that transfer should be granted. *See, e.g., Frame v. Whole Foods Market, Inc.*, No. 06 Civ. 7058, 2007 U.S. Dist. LEXIS 72720, at *16, *18 (S.D.N.Y. Sept. 24, 2007) (granting corporate defendant's motion to transfer where transfer to defendant's corporate headquarters [Texas] would "obviously eliminate inconvenience" for the defendant. While plaintiff claimed transfer would cause a "financial hardship" because she would be subject to larger legal fees, she did not

argue that her "financial means would place her at any special disadvantage" due to a transfer of the case.); *Bassali v. Johnson Controls, Inc.*, No. 06 cv 4149, 2007 U.S. Dist. LEXIS 95143, at *3, *18 (S.D.N.Y. Dec. 20, 2007) (transferring case to Michigan was appropriate due to the convenience of the witnesses and the locus of the operative facts; the case had "at best, a tenuous connection to the Southern District of New York."); *Glass v. S&M NuTec, LLC*, 456 F. Supp. 2d 498, 502 (S.D.N.Y. 2006) (granting defendant's motion to transfer); *Strauss v. West Highland Capital, Inc.*, 00 Civ. 01184, 2000 U.S. Dist. LEXIS 14937, at *6 (S.D.N.Y. Oct. 5, 2000). In *Strauss*, the court observed that:

> [nominal] plaintiff's convenience is not at issue in this case since there is no dispute that the nominal plaintiff sues on behalf of a corporation chartered in Delaware and headquartered in [California] . . . .and is neither the real party in interest nor a likely trial or deposition witness

*Id.* at *6.

Furthermore, the decision in *Herbert Ltd. P'ship v. Elec. Arts Inc.*, 325 F. Supp. 2d 282 (S.D.N.Y. 2004), upon which Baytree relies, in fact supports Defendants' motion to transfer. In *Herbert*, the Court granted transfer from the Southern District of New York to the Northern District of California. As part of the analysis of the convenience of witnesses, the Court held that the "convenience of witnesses who reside in neither the current nor the transferee forum is irrelevant when considering a motion to transfer." *Id.* at 288. The Court stressed the significance of the following two factors in shaping its decision to transfer the matter:

> [f]irst, more witnesses with more material information reside in California than in New York. Second, the bulk of the material operative facts pertaining to the parties' relationships, transactions and product development at issue in this case occurred in California. . . [and] none of the operative facts occurred in New York.

*Id.* at 292-93 (acknowledging that the case is a "California-based action that, although permissibly filed in this District, should more appropriately proceed in California in the interests of convenience and fairness").

## II. THE PERSONAL OBJECTIONS OF GARDNER AND GOODMAN ARE DISTRACTIONS RAISED BY NOMINAL INTERESTS

Plaintiff Paul Goodman opposes the transfer of his New York B.C.L. § 720 action claiming that the action is not "derivative," but is "quite specifically a New York suit." Goodman Opp. Mem. at 2, 9 (speculating that "a California court ..., in all likelihood, has never heard an action brought under [B.C.L. § 720]"). Goodman's analysis is dead wrong.

Courts in California have experience in the type of derivative litigation at issue here. Indeed, contrary to Goodman's speculation, the District Court for the Central District of California (the proposed transferee court) faced such a B.C.L. § 720 action in *Morton v. Rank America Inc.*, 812 F. Supp. 1062 (C.D. Cal. 1993). As *Morton* makes clear, the law of incorporation is applicable to the resolution of a director's allegations of corporate waste and/or breach of fiduciary duty regardless of the issue of standing under B.C.L. § 720. *Morton*, 812 F. Supp. 1062, at n.12 (holding that claims involving the internal affairs of a corporation, such as the breach of fiduciary duty and/or waste by directors, are subject to the laws of the state of incorporation); *see also Langner v. Stephen L. Brown, S.L.*, 913 F. Supp. 260, 270 (S.D.N.Y. 1996) ("It is well established that as a matter of law, corporate governance issues are normally controlled by the law of the state of incorporation.").

Here, it is undisputed that Broadcaster is a Delaware corporation. Because Delaware law – not the law of New York – is applicable to Goodman's claims, this action is far from a "specifically New York suit," and Goodman's assertions to the contrary provide no basis

NY713193.2
212282-10002                                        9

to deny the transfer of his B.C.L. § 720 action to California, where the case, which is duplicative of the Baytree action in any event, can readily be heard.

Goodman also asserts that this Court should not transfer his B.C.L. § 720 action to California because he is a *pro se* plaintiff (albeit an attorney) and that he would suffer significant inconvenience, in the form of costs, if the action is transferred. Goodman Opp. Mem. at 6 (illogically claiming that "this litigation comes at great cost" because he is representing himself (for free), and asserting that a transfer will "probably" result in the dismissal of the action). Goodman, however, has failed to file a sworn statement of financial burden. *See Douglas v. Syracuse Univ. College of Law*, No. 94 Civ. 9195, 1995 U.S. Dist. LEXIS 13529, at *3 n.1 (S.D.N.Y. Sept. 15, 1995) (granting transfer to Northern District of New York where *pro se* Plaintiff did not provide an explanation for why transfer and thereby litigation in the Northern District would be "burdensome" and only conclusorily stated in an affidavit that transfer would pose an "unnecessary economic burden."). Nor does he explain his ability to conduct the litigation in New York – which would have required him to travel cross-country for a number of depositions of material witnesses residing in California in any event. Additionally, the "convenience of counsel ... is of relatively little consequence under § 1404(a)." *Butcher v. Gerber Products Co.*, No. 98 Civ. 1819, 1998 U.S. Dist. LEXIS 11869, at *10 (S.D.N.Y. July 29, 1998) (authorizing transfer to Michigan due to the convenience of the parties and witnesses, the locus of operative facts arising in Michigan, and the interest of justice, despite plaintiffs' counsel residing in New York).

Moreover, Goodman readily concedes that he has brought the B.C.L. § 720 action in purely a representational capacity and that he seeks relief "for the sole benefit of Defendant Broadcaster." Goodman Opp. Mem. at 6; see also Goodman Cmplt. (seeking an accounting).

Goodman ignores well-settled law holding that the convenience of a representative plaintiff is of no relevance to a transfer motion based on convenience of the parties. *See, e.g., Laborers Local 100 and 397 Pension Fund v. Bausch & Lomb, Inc.*, Nos. 06 Civ. 1942, 06 Civ. 2025, 06 Civ. 2659, 06 Civ. 2916, 06 Civ. 2918, 06 Civ. 3106, o6 Civ. 3653, 2006 U.S. Dist. LEXIS 36018, at * 14 (S.D.N.Y. June 5, 2006) (granting motion to transfer, noting that the "district of residence [of the derivative Plaintiffs] is not persuasive since those claims are brought on behalf of the Company"); *Strauss v. West Highland Capital, Inc.*, 2000 U.S. Dist. LEXIS 14937 at *6 (S.D.N.Y. Oct. 5, 2000) (holding that "[nominal] plaintiff's convenience is not at issue in this case since there is no dispute that the nominal plaintiff sues on behalf of a corporation chartered in Delaware and headquartered in [California] ...."); *Quan v. Computer Sciences Corp.*, No. CV 06-3927, 2008 U.S. Dist. LEXIS 1360, at *9 (E.D.N.Y. Jan. 8, 2008) (granting motion to transfer while stressing that a "plaintiff who sues as a class representative rather than solely for her own benefit is entitled to less deference in her choice of forum."); *Lewis v. C.R.I., Inc.*, No. 03 Civ. 6362, 2003 U.S. Dist. LEXIS 6362, at *16 (S.D.N.Y. Apr. 15, 2003) (holding that "representative plaintiffs, as well as plaintiffs bringing derivative actions, are entitled to less deference [in their choice of forum] than other plaintiffs"); *IBJ Shroder Bank & Trust Co. v. Mellon Bank, N.A.*, 730 F. Supp. 1278, 1282 (S.D.N.Y. 1990) (stating that "[i]n shareholder derivative suits and other similar types of class actions, the accidental residence of the named plaintiff is discounted in weighing the transfer factors.").[8]

---

[8] *See also Berman v. Informix Corp.*, 30 F.Supp.2d 653, 657 (S.D.N.Y. 1998) (granting motion to transfer *pro se* complaint from New York to California where essentially all of the witnesses and documents were located in California); *Foster v. Litton Indus., Inc.*, 431 F. Supp. 86, 86 (S.D.N.Y. 1977) (granting motion to transfer action from New York to California pursuant to 28 U.S.C. § 1404(a) holding that plaintiff's choice of forum was not entitled to weight in "the absence of any contact by the forum state with the transactions underlying the

Baytree's objections to transfer based upon the purported illness of Michael Gardner are similarly unpersuasive. *See* Baytree Opp. Mem. at 9, 17 (asserting that Gardner's health "is dispositive of the issue of party witness convenience"). In fact, Gardner is not a party, but merely a representative of a derivative plaintiff. To the extent Gardner's testimony is needed at trial or at deposition, this can be accommodated as the Rules of Civil Procedure provide. *See* Fed. Rule Civ. Proc. 32(a)(4)(C).

Baytree's objections based upon Mr. Gardner's health must be rejected in any event because, contrary to the generalized statement in his Declaration, the letter submitted to the Court by Mr. Gardner's physician makes clear that Mr. Gardner will be well enough to travel (for deposition or otherwise) in a mere two months. *See* Gardner Decl. at Exhibit 1. Thus, Mr. Gardner's current illness will not create inconvenience, prevent him from monitoring the proceedings, or alter the analysis of the convenience of the "material" witnesses. As evidenced by the Reply Declaration of Blair Mills (at ¶ 8 and Exh. 2), and as detailed in Mr. Gardner's biography on the Baytree web site itself (Licker Decl. at ¶ 4 and Exh. 1), Mr. Gardner has been a regular cross-country traveler.

Thus, the personal objections to transfer raised by Goodman and Gardner of are no material import, and transfer should be granted.

---

cause of action" and because "plaintiff's choice of forum is of even less significance in a shareholder's derivative suit").

### III. NOMINAL PLAINTIFFS WRONGLY CLAIM THAT CERTAIN WITNESSES ARE MATERIAL AND/OR LOCATED IN NEW YORK

In an attempt to create connections with New York that simply do not exist, Plaintiffs Goodman and Baytree each assert (wrongly) that there are a number of "material" witnesses located in New York. There are not.

First, Baytree asserts that a number of companies which provided services to Broadcaster in California from offices in California or Arizona, will somehow produce "material," but unidentified, New York witnesses. *See* Sullivan Decl. at ¶ 14 (Google Analytics), ¶ 15 (AD On Network), and ¶ 16 Value Click). Contrary to Baytree's bare claim, no material witness from the entities Google Analytics, ValueClick Media or Ad On Network are located in New York. Rather, as detailed in the accompanying Mills declaration, Google Analytics is a company located in Mountain View California (*see* Mills Decl. at ¶ 13 and Exh. 5); ValueClick's relevant representatives, Victoria Beyer and Anne Greene, are both located in ValueClick's California offices (*id.* at ¶ 13 and Exh. 6); and Ad On Network's knowledgeable representative, Matt Papke, is located at Ad On Network's offices in Phoenix, Arizona (*id.* at ¶ 13 and Exh. 7). Baytree wholly fails to identify any "material" representative of any of these companies located in New York.

Second, Baytree (*see* Sullivan Decl. at ¶¶ 4, 17, 18) and Goodman (*see* Goodman Opp. Mem. at 5) wrongly assert that Bruce Galloway, and/or corporate representatives of Investors Relations Group and Rubenstein Associates are "material" witnesses. They are not.

Neither the Baytree or Goodman complaint makes any reference to Galloway – who Baytree now claims will provide testimony concerning his resignation from the Broadcaster Board of Directors. The plain fact is that Galloway never resigned from the Broadcaster Board. *See* Mills Decl. at 11 and Exh. 4. To the contrary, the reason Mr. Galloway ceased serving as a

member of Broadcaster's Board of Directors is because Michael Gardner no longer wanted Mr. Galloway to serve on the Board and, thus, refused to vote for Mr. Galloway's re-election. Because no impropriety as to Mr. Galloway's service on the Broadcaster Board has been or could be alleged, and because Mr. Galloway did not "resign" as Baytree has represented to this Court, Mr. Galloway is not a "material" witness in regard to such subjects.

Similarly, neither Goodman or Baytree make any reference to or allege any impropriety in their respective complaints concerning either Investor Relations Group, Inc. or Rubenstein Associates. Nor do the complaints concern any purported wrongdoing in connection with "investor relations" or "marketing." Accordingly, representatives of these companies are hardly "material."

Nor can Plaintiffs oppose transfer based upon the "inconvenience" of purported "material" witnesses from other states – such as Vincent Orza (Oklahoma), Michael Harris, Esq. (Florida), or proposed expert witness Benjamin Edelman (Massachusetts). Not only is the convenience to these witnesses a neutral factor at best,[9] but none of these witnesses have testified that California would be an inconvenient forum for the resolution of these actions.

The convenience of the "material" witnesses here overwhelmingly favors the transfer of these actions to the Central District of California.

---

[9] *Herbert*, 325 F. Supp. 2d at 288 (holding that the "convenience of witnesses who reside in neither the current nor the transferee forum is irrelevant when considering a motion to transfer"); *Glass*, 456 F. Supp. 2d at 502 (S.D.N.Y. 2006) (recognizing how it is "well settled that the location of expert witnesses is irrelevant to a transfer decision.").

## **CONCLUSION**

For all the reasons set forth in its moving papers and above, Defendants Broadcaster Inc., Nolan Quan, Martin Wade, and Blair Mills respectfully request that the Court enter an Order transferring <u>Baytree Capital Assocs. v. Quan, et al.</u>, 08 Civ 01602 and <u>Goodman v. Broadcaster, et al.</u>, 08 Civ 02480 (as well as the two related defamation cases) to the District Court for the Central District of California, pursuant to 28 U.S.C. § 1404(a), on the grounds that California is a more convenient and appropriate forum and that such transfer is in the interest of justice.

Dated: New York, New York
       April 9, 2008

| LOEB & LOEB, LLP | HOWREY LLP |
|---|---|
| By: /s/ _____<br>Michael P. Zweig (MPZ-5318)<br>Eugene Licker (EL-0334)<br>345 Park Avenue<br>New York, New York 10154<br>(212) 407-4000<br><br>*Attorneys for Defendant Broadcaster Inc.* | By: /s/ _____<br>Michael Armstrong (MA-8570)<br>153 East 53rd Street, 54th Floor<br>New York, New York 10022<br>212-896-6500<br><br>*Attorneys for the Defendants Quan, Wade, and Mills* |