SULLIVAN GARDNER PC
ATTORNEYS AT LAW
475 PARK AVENUE SOUTH
NEW YORK, NEW YORK 10016
MAIL@SULLIVANGARDNER.NET

TELEPHONE (212) 687-5900

FACSIMILE (212) 687-4060

April 11, 2008

Hon. Louis Stanton
United States District Court
Southern District of New York
500 Pearl Street, Rm. 2250
New York, NY 10007

Re: Baytree, derivatively on behalf of, Broadcaster v. Quan et al.
Case No.: 08 cv 1602 (LLS)

Dear Judge Stanton:

We represent Plaintiff in the above-referenced derivative action. We write to request an order from the Court prohibiting Loeb & Loeb, LLP, ("Loeb") from participating in the upcoming depositions regarding injunctive relief, or alternatively limiting it to a passive role. Plaintiff further submits that any determination of the pending venue application should await a determination of the disqualification motion, in that a disqualification of Loeb will necessarily impact the venue application brought by it. Restricting Loeb's participation will allow the matter to proceed without delay, without conflicting with the pending applications.

> Denied.
> So Ordered.
> Louis L. Stanton
> 4/14/08

Currently the Court has before it a motion to change venue (brought by the nominal defendant and joined in by three of the individual defendants[1]); pre-motion letters regarding plaintiff's application to disqualify Loeb as counsel for the nominal defendant; and depositions scheduled for the week of April 21, 2008 regarding plaintiff's application for injunctive relief (of Gardner the principal of plaintiff Baytree; defendants Wade the CEO of Broadcaster and Quan the majority shareholder of Broadcaster, both defendants represented by Michael Armstrong).

In a derivative action, the nominal defendant company should not be incurring large legal expenses, its role is a passive one, basically limited to answering generally and advising the Court on settlement issues. See, e.g., Cannon v. U.S. Acoustics Corporation, 398 F. Supp. 209 (N.D. Il. 1975), aff'd in relevant part per curiam, 532 F.2d 1118 (7th Cir. 1976); Leven v. Birrell, 92 F. Supp. 436 (S.D.N.Y. 1959); Messing v. FDI, Inc., 439 F. Supp. 776 (D.N.J. 1977). This is particularly true in a case such as the instant matter where it is vehemently alleged that the corporate board and officers have engaged in fraud, theft and violations of their duty of loyalty. Id. Further, incurring large legal fees to Loeb while a disqualification motion will be pending is not appropriate. Michael Armstrong is clearly more than capable of defending his client's depositions and taking Gardner's. The injunctive relief here was sought to protect the remaining, but fast dwindling, corporate funds. Under these circumstances there is no legitimate basis for the nominal defendant company to pay for Loeb to fully prepare for and participate in the

---

[1] There are a total of 8 individual defendants and 12 corporate defendants.

depositions regarding injunctive relief, and seemingly pay for two sets of competent counsel, Loeb and Armstrong, to engage in those activities.[2]

Accordingly, it is respectfully requested that the Court direct that Loeb, as counsel solely for the nominal defendant in this matter, not participate in the depositions regarding injunctive relief, or alternatively that Loeb take a passive role during such depositions; and further that a determination of the motion to change venue await a decision by the Court on the application to disqualify Loeb from appearing for the nominal defendant in the instant matter.

Respectfully submitted,

Brian Gardner

cc: Loeb & Loeb, LLP
    Michael Armstrong, Esq. (counsel to the individual defendants Quan, Wade and Mills)

---

[2] It appears that Loeb intends to have a minimum of three partners involved in the depositions, Messrs Licker, Zwieg and Mallow.